PLANTERS WAREHOUSE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 11956.    Promulgated October 31, 1927.

*W. A. Slaton, Esq.*, for the petitioner.
*Le Roy L. Hight, Esq.*, for the respondent.

MARQUETTE: This proceeding is for the redetermination of defi-
ciencies in income and profits taxes for the fiscal years ending July
31, 1920, and July 31, 1921, in the total amount of less than $10,000.

### FINDINGS OF FACT.

The petitioner is a Georgia corporation with its principal office and
place of business at Washington, Ga., and it is and was during the
years 1919, 1920, and 1921 engaged in operating a cotton warehouse
at that place.  It is and has been for many years the custom of the
petitioner to open up a new set of books of account on August 1 of
each year, and to transfer to the new books the balances of accounts
in the prior years' books which were considered good, and to leave
in the prior years' books all accounts which were considered worthless
and uncollectible.  This practice was followed in the years 1919, 1920,
and 1921.  The petitioner's books were kept on the cash receipts and
disbursements basis.

In the year 1917 a fund of $50,000 was raised by the town of
Washington, Ga., to procure an extension of the Elberton & Eastern
Railroad from Tignall to Washington, Ga.  The petitioner was desir-
ous of having the extension built as it would give the petitioner a
connection with railroads running north and would bring it cotton
business that it had theretofore been unable to acquire or handle on
account of lack of proper railroad connections.  The petitioner
thereupon subscribed $1,000 to the fund mentioned, for which it
received a $500 first mortgage bond of the railroad, the other $500
so subscribed being used to help pay for the railroad right of way.
The $500 of the subscription not represented by the bond was charged
by the petitioner to expense and was deducted in computing its net
income for the calendar year 1920.  The record does not disclose
when the payment was actually made.

The petitioner filed income and profits-tax returns for the calendar
years 1919, 1920, and 1921.  The return for 1920 showed a tax
liability of $391.50 and the return for 1921 showed a net loss.  The
record does not disclose what, if any, income and tax liability it
reported for the year 1919.

The respondent, upon audit of the petitioner's return for the year
1920, disallowed as a deduction from gross income the amount of
$500 paid to the Elberton & Eastern Railroad as above set forth, dis-
allowed a deduction claimed on account of certain bad debts, and de-

termined that additional tax was due in the amount of $1,041.72, which additional tax was assessed in January, 1924. The respondent subsequently made an examination of the petitioner's books of account and determined that they were kept on the fiscal-year basis and that its income and profits-tax returns should have been made for fiscal instead of calendar years. He therefore computed the petitioner's income and profits-tax liability for the fiscal years ending July 31, 1920, and July 31, 1921, and determined that it was $1,259.89 for the fiscal year ending July 31, 1920, and $124.54 for the fiscal year ending July 31, 1921. The tax theretofore assessed for the calendar year 1920 was credited to the fiscal year ending July 31, 1920, and the excess of such tax, amounting to $173.33 was reported as an overassessment and was abated. The deduction claimed by the petitioner on its return for the calendar year 1920 on account of bad debts was allowed by the respondent in determining the income for the fiscal years mentioned, but the deduction claimed on account of the contribution to the Elberton & Eastern Railroad was not allowed.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.